UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No: 8:23-cv-00778-SDM-SPF

DARLA SOLOMON, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

SUNCOAST CREDIT UNION,

    Defendants,
_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND MEMORANDUM OF LAW

The Defendant, Suncoast Credit Union, by and through its undersigned attorneys, pursuant to Fed. R. Civ. P. 12 (b)(6), hereby moves to dismiss the Class Action Complaint filed by Plaintiff, Darla Solomon, individually, and on behalf of all others similarly situated, by saying as follows:

### I. BACKGROUND

A. Basis of Claim- Negligence

On March 2, 2023, Plaintiff, Darla Solomon ("Plaintiff" or "Solomon") filed a Class Action Complaint (the "Complaint"), individually, and on behalf of all others

1

similarly situated against Suncoast in the Circuit Court, Hillsborough County Florida, Case No. 2023-CA-001865, which was subsequently removed to this federal court based on the Class Action Fairness Act ("CAFA) and federal question jurisdiction related to the Federal Trade Commission Act ("FTC Act"). (Dkt. No.1). Although the Complaint is a single count titled as "Negligence', it actually sounds in Negligence "per se" based on numerous alleged FTC Act violations (Complaint, ¶¶ 69-75,96, 97). [1]

According to Plaintiff, on or about October 2022, she received letter notification from Suncoast "thanking her" for opening a checking and savings account (Complaint, ¶46). However, no such accounts were opened by Plaintiff (Complaint, ¶ 47). Rather, an unauthorized third party allegedly accessed Solomon's personal identifying information ("PII") from unknown source and used her PII to open the accounts under her name through Suncoast's "SunNet Online Banking" platform, which had "lax data security and authentication procedures"[2] (the "Unauthorized Account Opening") (Complaint, ¶ 49).

According to Plaintiff, similar unauthorized account opening has happened

---

[1] Plaintiff even seeks "statutory damages" for the violations (Complaint, ¶ 9) though there is no basis for a private party to seek such damages under the FTA, which is enforced by the FTC, not private parties, as discussed below.
[2] There is no allegation, much less explanation, of what exactly was "lax" about Suncoast's security and authentication procedures.

2

to thousands, if not millions of other consumers, who unknowingly had accounts opened at Suncoast (Complaint, ¶17, 78). As result, Plaintiff and the putative class allegedly suffered damages, statutory damages, and a sundry of non-monetary loss, including lost opportunity to control PII, diminution in value of PII, continuing publication of PII, remediation cost for PII, lost wages addressing lost PII, continued risk of lost PII, and future time related to PII) (Complaint, ¶¶ 9, 60, 103).

    B.  <u>Basis of standard of care-FTC Act Guidelines</u>

As set forth "in detail" in the Complaint (¶¶ 69-75), the "standards of care" Suncoast violated as part of its overall negligence are those set forth by the Federal Trade Commission under the FTC Act, not common law, and include the following FTC standards:

    a. Protecting all PII that is kept;

    b. Properly disposing of PII when no longer needed;

    c. Encrypting information stored on computer networks;

    d. Understanding network vulnerability;

    e. Implementing policies to correct security problems;

    f. Limiting access to sensitive data;

    g. Requiring complex passwords;

    h.  Using industry tested standards for security;

    i.  Monitoring suspicious activity on network;

    j.  Verifying third party providers have implemented security measures;

According to the Complaint, Plaintiff further alleges that Section 5 of the FTC Act, which prohibits "unfair… practices in or affecting commerce"[3], was also violated by Suncoast failing to use reasonable care to protect consumer PII (Complaint, ¶96), and that Section 5 of the FTC Act was further violated by Suncoast not complying with FTC industry standard, particularly as to online banking (Complaint, ¶ 97).[4] These are more properly negligence "per se" violations. Rather conspicuously, Plaintiff also recognizes that the FTC, not private parties, is charged with enforcement authority of the FTC Act [5] (Complaint, ¶ 72). Thus, in totality, Suncoast was negligent "per se" by violating FTC Act standards of care and guidelines relating to the Unauthorized Account Opening. In other words,

---

[3] Banks and Credit Unions are "exempt" from the FTC Act pursuant to 15 USC § 45 (a)(2). Similarly, under Florida's "little" FTC Act, Florida Statutes Section 501.201, Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), banks and credit unions are "exempt" pursuant to Florida Statutes Section 501.212 (4)(b) & (c).

[4] Though the single count at issue is only titled "negligence", these Section 5 violations of the FTC, are really seeking liability for negligence "per se". See In Re Brinker Data Incident Litigation, 2020 WL 691848 (MD. Fla. 2020) as discussed below.

[5] Civil enforcement under the FTA is vested in Federal Trade Commission pursuant to 15 USC 57 (b) .

Plaintiff is pursuing a "private right of action" for negligence based on FTC Act **not applicable to banks or credit unions and for which civil relief is solely vested in the FTC**. As set forth below, this prevents the statement of cause of action

## II. LEGAL MEMORANDUM

### A. Standard or Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal citation and alteration omitted). "When considering a motion to dismiss, the court takes the factual allegations as true and construes them in the light most favorable to the plaintiff." Aridom, SRL v. FBL Exp. & Imp. Corp., No. 1:18-CV-20695-KMM, 2018 WL 6579717, at *1 (S.D. Fla. Aug. 2, 2018) (*citing* Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008)).

### B. Basis for Dismissal

#### 1. No private right of action for FTC Act violation

As s a matter of law, there is no private right of action under the Federal Trade Commission Act. See Monacelli v. Lee County Education Association, 2009 WL

259609 (Fla. MD 2009) citing <u>Lingo v. Albany Department of Community and ExCom Nic Development,</u> 195 Fed. Appx 891, 894 (11th Cir. 2006). However, in the present case, Plaintiff alleges private action against Suncoast based on violations of the FTC, which do not even apply to banks and credit unions <u>15 USC §§ 45 (a) (2).</u> Such private actions, particularly, seeking civil remedy for statutory damages, is solely vested in the FTC pursuant to <u>15 USC § 57 (b),</u> and there is no private right of action for Plaintiff to pursue. [6]

    2. <u>No negligence "per se" for FTC violation</u>

Plaintiff really asserts a claim for negligence "per se", based on Suncoast purported violation of § 5 of the FTC Act. Suncoast argues that Plaintiffs have failed to allege a cause of action for negligence "per se". As stated by Court in <u>In Re Brinker Data Incident Litigation,</u> 2020 WL 691848 (Fla. MD 2020):

> a negligence per se claim would be appropriate under Florida law when there is a violation of a "statute which establishes a duty to take precautions to protect a particular class of persons from a particular injury or type of injury." Additionally, a plaintiff pursuing a negligence per se claim must also establish that she "is of the class the statute was intended to protect, that [s]he suffered injury of the type of the statute was designed to prevent, and that the violation of the statute was the proximate cause of h[er] injury."

---

[6] In contrast, Florida's FDUTPA authorizes a private right of action, but banks and credit unions are exempt pursuant to <u>Florida Statutes Section 501.212 (4)(b)&(c).</u>

See Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 353 (11th Cir. 2012) (quoting DeJesus v. Seaboard Coast Line R. Co., 281 So. 2d 198, 200 (Fla. 1973)). As stated in Brinker, Courts have used this standard to hold that a negligence "per se" claim cannot rest on a federal statute that does not provide a private right of action. Weinberg v. Advanced Data Processing, Inc., 147 F. Supp. 3d 1359, 1365 (S.D. Fla. 2015) (compiling cases). "When a statute is silent as to whether it allows for a private cause of action, such a claim can only survive when the statute evidences legislative intent to create a private cause of action." Zarrella v. Pac. Life Ins. Co., 755 F. Supp. 2d 1218, 1228 (S.D. Fla. 2010) (citing Murthy v. N. Sinha Corp., 644 So.2d 983, 985 (Fla. 1994)). "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006); see also In re SuperValu, Inc., 925 F.3d at 963–64 (declining to impose a duty based on the FTC Act because "Congress empowered the Commission—and the Commission alone—to enforce the FTCA. Implying a cause of action would be inconsistent with Congress's anticipated enforcement scheme."). Even if there was a private right of action under the FTC, and there is not, banks and credit unions are exempt under the FTA pursuant to 15 USC § 45 (a)(2).

In the present case, there can be no negligence or negligence "per se" claims against Suncoast for violation the FTC Act because there is no private right of

action authorized thereunder. The FTC Act is also silent as to creating such private cause of action, but settled case law is quite loud that no private right of action is created. On the contrary, the FTC is charged with enforcing the FTA, not he Plaintiff. Regardless, banks and credit unions are exempted pursuant to 15 USC § 45 (a)(2). Thus, there can be no action against Suncoast, be it negligent "per se" or otherwise for violating a federal statute that provides no private right of action and for which banks and credit unions are exempt. Rhetorically, how could a non-applicable federal statute possibly create a standard of care to be followed?—it cannot.

### III.   CONCLUSION

Based on the proceeding, the Complaint states no cause of action for relief and must be dismissed. The standards Suncoast purportedly violated are federal standards enacted by the FTC Act. Plaintiff has no private right of action to enforce such standards through an action for negligence "per se", which is mislabeled as negligence, or any similar action. Rather, all enforcement action is solely vested in the FTC, and bank and credit unions are exempted from FTC statutory application.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendant conferred with counsel for Plaintiff to by to ascertain their position with respect to this Motion, and Plaintiff's counsel indicated that

they would not consent to the relief sought in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        Counsel for Defendant, Suncoast Credit Union
        4301 West Boy Scout Boulevard
        Suite 400
        Tampa, Florida 33607
        Telephone (813) 509-2691
        Facsimile (813) 286-2900
        Primary e-mail:
        daniel.nicholas@csklegal.com

By:  s/ Daniel A. Nicholas
      DANIEL A. NICHOLAS
      Florida Bar No.: 0847755