IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

| | |
|---|---|
| DARLA C. SOLOMON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUNCOAST CREDIT UNION,<br><br>Defendant. | Case No: 8:23-cv-00778-SDM-SPF |

**MOTION TO REMAND TO STATE COURT FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Darla C. Solomon ("Ms. Solomon") moves this Court to remand this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida because this Court lacks subject matter jurisdiction. In particular, despite Defendant Suncoast Credit Union's ("Suncoast") removal of this action, there is no diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") and no federal question jurisdiction under 28 U.S.C. § 1331.

CAFA jurisdiction is lacking for two reasons. First, this case does not satisfy even the minimal diversity required by CAFA because all members of the proposed class are Florida citizens, as is Suncoast. Second, Suncoast has not shown by a preponderance of the evidence that this case satisfies CAFA's

$5,000,000 amount in controversy requirement. It has provided no evidence of either the number of class members or the dollar amount of their individual claims to meet this requirement.

No federal question jurisdiction exists under 28 U.S.C. 1331 because the Complaint's only claim is a state law negligence claim on behalf of Florida citizens. Moreover, the only federal law referred to in the Complaint is the Federal Trade Commission Act, which does not provide for a private right of action, as Suncoast acknowledges in its separately filed Motion to Dismiss. ECF No. 5.

Therefore, based on the facts and arguments presented below, the Court should remand to state court.

## MEMORANDUM OF LAW

### Factual Background

On March 2, 2023, Ms. Solomon filed this class action in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging Suncoast negligently opened an account in her name without her permission causing her and others similarly situated damages. ECF No. 1-1. Ms. Solomon is a Florida citizen. ECF No. 1-1 at ¶ 45. She seeks to represent a class defined as:

> All Florida citizens who had a checking or savings account opened under their identity by Suncoast without their authorization using [Personal Identifying Information "PII"] for Unauthorized Account

Opening via Suncoast's SunNet Online Banking platform. *Id*. at ¶ 76. Suncoast is a state-chartered credit union with its principal place of business in Tampa, Hillsborough County, Florida. *Id*. at ¶ 11.

The Complaint alleges a single count of negligence under State law. *Id*. at ¶¶ 85-104. As one of several underlying factual allegation for Suncoast's negligence, the Complaint alleges Suncoast's failure to employ reasonable and appropriate measures to protect against unauthorized use of consumers' PII by allowing the Unauthorized Account Opening, an unfair act or practice prohibited by Section 5 of the Federal Trade Commission Act, 15 U.S. C. § 45. ECF No. 1-1 at ¶73.

On April 10, 2023, Suncoast removed this action to this Court. ECF No. 1. In its notice of removal, Suncoast asserts minimal diversity exists under CAFA because Suncoast has members who are not Florida citizens. *Id*. at 6-7. Suncoast ignores that Ms. Solomon limited her class definition to "Florida citizens." *Cf*. ECF No. 1-1. at ¶ 76. Suncoast further asserted that the Complaint's allegations of a violation of Federal Trade Commission standards created federal question jurisdiction. ECF No. 1 at 7-8.

## Argument

This Court should remand this action because there is no federal jurisdiction over Ms. Solomon's state law claim. It is a "fundamental precept that 'federal courts are courts of limited jurisdiction.'" *Barcel v. Lele*, No. 8:05-

CV-1519-T-23, 2005 WL 3468282, at *3 (M.D. Fla. Dec. 19, 2005) (quoting *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). In this case, neither of the bases that Suncoast asserts, CAFA diversity or federal question, provides this Court with subject matter jurisdiction.

CAFA provides diversity jurisdiction over any class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Thus, for class actions, CAFA requires both (1) minimal diversity, and (2) a $5,000,000 amount in controversy, neither of which are met in the Notice of Removal. Minimal diversity does not exist because the class defined in the Complaint includes only Florida citizens, and Plaintiff and Suncoast are both Florida citizens. In addition, Suncoast has not proven CAFA's $5,000,000 amount in controversy requirement is met because Suncoast has not provided evidence of either the number of class members or the value of their individual claims, which in the aggregate would satisfy this requirement. In fact, despite Eleventh Circuit precedent requiring it, Suncoast makes no attempt to offer a plausible calculation for the Court's consideration.

Finally, there is no federal question jurisdiction because the Federal Trade Commission Act does not create a private right of action, and the only claim alleged in the Complaint is a state law negligence claim. No federal claim

is alleged, and the Complaint raises federal law only as an alternative theory in support of Ms. Solomon's state-law negligence claim.

## I.   Minimal Diversity is Lacking Because the Class and Defendant are All Florida Citizens.

If all class members are citizens of the same state as the defendant, there is no "minimal diversity" under CAFA and federal jurisdiction over the action is lacking. *Life of the South Ins. Co. v. Carzell*, 851 F.3d 1341, 1344 (11th Cir. 2017). In *Life of the South Ins. Co.*, the plaintiff class was limited to "Georgia citizens," and the defendant had its principal place of business in Georgia, which meant that the defendant was also a Georgia citizen. *Id.* Under such circumstances, the Eleventh Circuit held that there was no minimal diversity under CAFA "when the defendants share a state of citizenship with all of the plaintiffs. *Id.* at 1346.

In this case, as in *Life of the South Ins. Co.*, Suncoast shares a state of citizenship with Ms. Solomon. As introduced above, Suncoast's principal place of business is in Florida, making it a Florida citizen. ECF No. 1-1 at ¶ 11; *Life of the South Ins. Co.*, 851 F.3d at 1344. Likewise, the putative class of plaintiffs is limited to "Florida citizens." ECF No. 1-1 at ¶ 76. Accordingly, Suncoast cannot carry the burden of establishing that the citizenship of at least one class member was different from its own. *See Life of the South Ins. Co.*, 851 F.3d at 1345 (citing and quoting *Johnson v. Advance America*, 549 F.3d 932, 936 (4th

Cir. 2008)). Accordingly, the court should remand this case.

## II. Suncoast Has Not Proven that this Case Meets the $5,000,000 Amount in Controversy Requirement.

In addition, and independent of the lack of minimal diversity, Suncoast has not satisfied CAFA's amount in controversy requirement because it has not provided any evidence of either the size of the class or the dollar amount of class members' individual claims that in the aggregate exceed $5,000,000. Where the plaintiff disputes the defendant's assertion of the amount in controversy, as Ms. Solomon does, the Eleventh Circuit has "repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912–13 (11th Cir. 2014) (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir.2010); and *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006)). A defendant may not meet this burden with "speculation or conjecture." *Dudley*, 778 F.3d at 914. Here, however, that is all Suncoast has offered.

Suncoast's "evidence" does nothing to estimate the number of class members. Rather, it focuses on Suncoast's ***total*** number of customers. ECF No. 1, Exhibit 1 at ¶ 4 (Declaration of Suncoast Credit Union). But the class is unambiguously not ***all*** of Suncoast's customers. It is only those who are (a) are

Florida citizens, and (b) had a checking or savings account opened under their identity by Suncoast without their authorization using PII for Unauthorized Account Opening via Suncoast's SunNet Online Banking platform. ECF No. 1-1 at ¶ 76. Suncoast's contention that Ms. Solomon asserts there are "millions" of class members, ECF No. 1 at ¶ 1, is inaccurate, and suffers from the Suncoast's same logical error of including all of its customers, rather than only customers falling within the putative class definition.

Suncoast's assertion that the class period "would cover the time period from formation of Suncoast to the present date--approximately 100 years!," *Id*. at p. 5, likewise ignores the class definition, which includes only those customers who had unauthorized accounts opened "via Suncoast's SunNet Online Banking Platform." ECF No. 1-1 at ¶76. Suncoast's online banking platform has no doubt existed far less than 100 years. Even if the platform existed for decades, Suncoast bears the burden of actually presenting relevant evidence to meet the amount in controversy threshold for actual members of the putative class.

In addition to failing to identify the number of class members, Suncoast does nothing to attempt to value their individual claims under the negligence theory. Suncoast's "evidence" is the same conclusory declaration that does not refer to even a single dollar amount other than mentioning the $5,000,000 CAFA requirement. ECF No. 1, Exhibit 1 at ¶ 5. Rather, Suncoast focuses on

the total amount deposited in all of its customers' accounts, instead of the damages caused by Suncoast's negligence. ECF No. 1 at ¶ 5. As the Eleventh Circuit noted in *Pretka v. Kolter City Plaza II, Inc.*, on which Suncoast relies, "it would be 'impermissible speculation' for a court to hazard a guess on the jurisdictional amount in controversy 'without the benefit of any evidence [on] the value of individual claims.'" 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007) (modification by *Pretka*)). Suncoast recognizes that *Pretka* requires evidence from which the Court can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at 754.

Because Suncoast has identified neither the number of class members nor the dollar amount of their individual negligence claims, it is entirely speculative to argue that CAFA's amount in controversy requirement is met. Suncoast's contention "requires the Court to multiply one unknown number by another unknown." *Brown v. NWP Servs. Corp.*, No. 3:16-CV-81-J-39JRK, 2016 WL 8999317, at *5 (M.D. Fla. June 16, 2016) (citing *Caufield v. EMC Mortgage Corp.*, 803 F. Supp. 2d 519, 528 (S.D.W. Va. 2011)). Thus, Suncoast has not met its burden of proving that it is more likely than not that the $5,000,000 amount in controversy is satisfied.

Finally, Suncoast refers to statutory and punitive damages in the Notice of Removal. ECF No. 1 at 4. Ms. Solomon notes that while paragraph 9 of the

Complaint includes an inadvertent reference to "statutory, punitive, and exemplary damages," her prayer for relief does not seek such relief. The sole negligence claim would provide no basis for statutory damages. Also, having filed the Complaint in state court, Fla. R. Civ. P. 1.190(f) would require her to file a motion to amend her pleading to seek punitive damages. So the Court should not interpret the Complaint as seeking statutory or punitive damages on which to base the amount in controversy. Even if Ms. Solomon was seeking statutory or punitive damages, it would be pure conjecture to rely on potential punitive damages to meet the amount in controversy requirement without quantifying any likely actual damages.

### III. There is No Federal Question Jurisdiction Because the Complaint Pleads a State Law Negligence Claim.

Likewise, Suncoast's assertion of federal question jurisdiction under 28 U.S.C. § 1331 is wrong because Ms. Solomon only pleads a state law negligence claim. Suncoast is wrong to rely on an allegation of acts prohibited by the Federal Trade Commission Act, which does not provide Plaintiff or the putative class members a private right of action. *See Haun v. Don Mealy Imports, Inc.*, 285 F. Supp. 2d 1297, 1308 (M.D. Fla. 2003). As Judge Sharp held in *Haun*, where Congress "has provided no federal right of action for a violation of a federal law which is the basis of the state claim, federal courts may not exercise federal question jurisdiction over that state claim except by virtue of

supplemental jurisdiction." *Id.* (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986)). As this Court has held, "supplemental jurisdiction" exists only where a "state claim . . . arises from a 'common nucleus of operative fact' with a substantial federal claim." *Barcel*, 2005 WL 3468282, at *1 (citing and quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724-25, (1966), and *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir.1997)). Here, there is no substantial federal claim over which this Court has original jurisdiction, 28 U.S.C. § 1367, so there is nothing for the state law claim in the Complaint to "supplement."

In *Mackillop v. Parliament Coach Corp.*, No. 09-CV-1939-T-23TBM, 2009 WL 3430072 (M.D. Fla. Oct. 21, 2009), this Court took an even more restrictive view of federal question jurisdiction in circumstances where federal law provides a standard for judging a state law claim. In *Mackillop,* the defendant removed a claim under the Florida Deceptive and Unfair Trade Practices Act, which incorporated the federal Magnuson Moss definition of "full warranty." 2009 WL 3430072, at *1. This Court remanded, finding the claims was not within federal jurisdiction. *Id.* at *2. As the Court observed: "'A complaint's fleeting reference to federal law, either to provide the applicable standard of care or additional evidence of a state law violation, does not create a federal question.'" *Id.* (quoting *Frishkorn v. Lake County Chrysler, Inc.*, 2006 WL 2970236, *2 (N.D. Ohio 2006)). As this Court reasoned, "[e]ven though the

federal standard incorporated into DUTPA requires an analysis of federal law, no substantial question of federal law exists." *Id.* at *2 (citing *Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir. 1994)). Thus, this Court held, "[n]o federal jurisdiction exists by virtue of the plaintiff's bringing a claim under a section of DUTPA that incorporates a federal standard." *Id.*

Here, the Complaint alleges only a Florida law negligence claim. ECF No. 1-1 at ¶¶ 85-104. While the Complaint plausibly alleges Suncoast's conduct violated standards under the Federal Trade Commission Act to allege a breach of a negligence duty, ECF No. 1-1 at ¶73, the Eleventh Circuit has held that the Federal Trade Commission Act does not create a private right of action. *Smith v. JP Morgan Chase*, 837 F. App'x 769 (11th Cir. 2021) (citing and quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985)); *see also Holmes v. Ocwen Fin. Corp.*, 747 F. App'x 836, 837 (11th Cir. 2019) (same).[1] Thus, under *Haun* and *Mackillop*, this Court has no federal jurisdiction and should remand.

---

[1] In its separately filed motion to dismiss, Suncoast agrees that the Federal Trade Commission Act does not create a private right of action. *See* ECF No. 5 at 5-6 (citing *Monacelli v. Lee Cty. Edu. Assoc.*, 2009 WL 259609 (Fla. MD 2009), which in turn cited *Lingo v. Albany Dep't of Comm. and ExCom Nic Devel.*, 195 F. App'x 891, 894 (11th Cir. 2006)). Plaintiff has asked this Court to stay proceedings on Suncoast's motion to dismiss by separately and contemporaneously filing her Unopposed Motion to Stay Proceedings on Motion to Dismiss Pending Ruling on Motion to Remand to State Court for Lack of Jurisdiction and Memorandum of Law In Support.

Nor does this Court have jurisdiction under *Gunn v. Minton*, 568 U.S. 251, 258 (2013), or *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). *See also Alps S., LLC v. Shumaker, Loop & Kendrick, LLP,* No. 8:17-CV-1634-T-23TBM, 2018 WL 1121766 (M.D. Fla. Mar. 1, 2018) Under those cases, a case is within federal courts' jurisdiction if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing the standard previously outlined in *Grable & Sons*). As the Supreme Court observed in *Gunn*, the test describes a "special and small category" of cases. 568 U.S. at 258; *see also id.* (describing the cases that will meet the test as a "slim category"). *See also Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1273 n. 4 (11th Cir. 2018).

As the United States District Court for the Western District of Missouri correctly held, "courts analyzing this issue have consistently held that HIPPA, the FTC Act, and the GLBA do not provide a basis for federal question jurisdiction under the *Grable/Gunn* standard." *C.J. by & through Brady v. Truman Med. Ctr., Inc.*, No. 4:20-CV-00261-DGK, 2020 WL 3473651, at *3 (W.D. Mo. June 25, 2020) (collecting cases).

The federal issue in this case is not "necessarily raised" because there are alternative grounds for Ms. Solomon's negligence claim. *See id.* Paragraphs

86-95 of the Complaint allege bases for the negligence claim that have nothing to do with federal law. ECF No. 1-1 at ¶¶ 86-95. As paragraph 95 alleges:

> Suncoast's own conduct created a foreseeable risk of harm to Plaintiff and Class members. Suncoast's misconduct included, but was not limited to, its failure to take the steps to prevent the Unauthorized Account Opening as set forth herein, foremost being to verify that the PII was authorized to be used by the person whose PII was used to open accounts. Suncoast's misconduct also included its decision that it would not comply with industry standards for the safekeeping and authentication of consumer PII, which reasonably would have prevented the Unauthorized Account Opening.

*Id.* at ¶ 95. Ms. Solomon's use of the violation of the Federal Trade Commission Act standard as an additional ground for her Florida law negligence claim does not mean that claim arises under federal law.

The federal issue that Ms. Solomon's Florida law negligence claim raises is also not "substantial" within the meaning of *Grable* and *Gunn*. Under those cases, a federal issue is "substantial" only if it is important "to the federal system as a whole." *Gunn*, 568 U.S. at 260. As *C.J. by and through Brady* held, "'the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.'" 2020 WL 3473651, at *3 (quoting *Merrill Dow Pharmaceuticals*, 478 U.S. at 814). In fact, the sole case that Defendant relies upon to assert

federal question jurisdiction, *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, (11th Cir. 2004), held that even if the case before it required a decision on a copyright law issue, "such a determination would not raise disputed questions of federal law sufficient to confer removal jurisdiction." 381 F.3d at 1293.

Here, Ms. Solomon alleges a breach of a duty referring to a federal standard as merely one element of one alternative theory of her state law claim. As the courts above have correctly held, that is insufficient to invoke federal question jurisdiction. Accordingly, the Court should remand this action.

## Conclusion

For the reasons argued above, Ms. Solomon respectfully requests that this Court grant this Motion and remand this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Plaintiff conferred with counsel for Defendant via email on April 18, 2023 to ascertain Defendant's position with respect to this Motion. Defendant opposes this Motion.

Dated: May 1, 2023        Respectfully submitted,

*/s/ Jeff Ostrow*
Jeff Ostrow (FBN 121452)
Jonathan M. Streisfeld (FBN 117447)
**KOPELOWITZ OSTROW P.A.**

One W. Las Olas Blvd., Suite 500<br>
Fort Lauderdale, Florida 33301<br>
Telephone: (954) 525-4100<br>
Facsimile: (954) 525-4300<br>
*ostrow@kolawyers.com*<br>
*streisfeld@kolawyers.com*

*Counsel for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

Dated: May 1, 2023

            */s/ Jeff Ostrow*
            Jeff Ostrow