UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLA C. SOLOMON,

     Plaintiff,

v.                        CASE NO. 8:23-cv-778-SDM-SPF

SUNCOAST CREDIT UNION,

     Defendant.

_____/

## **ORDER**

Suing for negligence on behalf of herself and a putative class of Florida citizens, Darla Solomon alleges that Suncoast Credit Union negligently permitted third parties to open a checking and savings account without authorization from the account holder.  For example, Solomon alleges that an unknown third party accessed Suncoast's "SunNet Online Banking platform" and without Solomon's authorization opened a "Regular Savings" account and a "Smart Checking" account under Solomon's name.  Attempting to invoke either federal jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), or federal question jurisdiction under 28 U.S.C. § 1331, Suncoast removes this action.  Solomon moves (Doc. 6) to remand and argues that under CAFA Suncoast cannot invoke federal jurisdiction and that this action presents no federal question.  Suncoast responds (Doc. 9) in opposition, and with leave Solomon replies (Doc. 14) in support of the motion to remand.

## I.    Federal Jurisdiction under CAFA

To invoke federal jurisdiction under CAFA, Suncoast must demonstrate that the amount in controversy exceeds $5,000,000 and that at least one-third of the members of the putative class are citizens of a state other than Florida.[*]  The complaint alleges that the putative class comprises "[a]ll Florida citizens who had a checking or savings account opened under their identity by Suncoast without their authorization using [personal identifying information] for [the] Unauthorized Account Opening via Suncoast's SunNet Online Banking platform."  Under *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1156 (11th Cir. 2021), a proposed class definition can prevent removal by "limit[ing] the class definition to citizens of a certain state."  *See In re Sprint Nextel Corp.*, 593 F.3d 669, 676 (7th Cir. 2010) (explaining that, if the plaintiffs defined a class as all Kansas citizens, the plaintiffs would guarantee that the action would remain in state court); *Johnson v. Advance Am.*, 549 F.3d 932, 937–38 (4th Cir. 2008) (holding that, by limiting the proposed class definition to include citizens of South Carolina, the plaintiffs avoided federal jurisdiction under CAFA).  Because the putative class includes Florida citizens only, each member of the putative class

---

[*] CAFA, 28 U.S.C. § 1332(d)(2), explains that a district court has jurisdiction over a class action in which any member of the class "is a citizen of a State different from any defendant[,]" but 28 U.S.C. § 1332(d)(4) directs a district court to decline to exercise jurisdiction over a class action in which the "primary defendants" and more than two-thirds of the class members are citizens of the state in which the class sued. Because Solomon sued in Florida and because the parties agree that Suncoast is a Florida citizen, Suncoast must demonstrate that at least one-third of the class members are citizens of a state other than Florida.

shares citizenship with Suncoast, and Suncoast cannot invoke federal jurisdiction under CAFA.

Suncoast admits that the putative class is "seemingly" limited to Florida citizens but argues that the allegations in the complaint somehow expand the class to include the more than "one million members that opened share accounts" with Suncoast.  (Doc. 9 at 7–8)  According to Suncoast, "Common sense would dictate that at least 'one' [member] is not a Florida Citizen."  Of course, "one member" is many members short of one-third of the putative class.  Because Suncoast removed this action, Suncoast must invoke federal jurisdiction "by fact, and not mere conclusory allegation" or speculation.  *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).  Suncoast adduces nothing to establish that the putative class includes anyone who is not a Florida citizen.  And Suncoast's assertion that the putative class includes any Suncoast member that opened a "share account" contradicts the proposed class definition.

Also, without citing any support, Suncoast argues that many of the class members have left Florida with no intent to return or are planning to leave Florida.  Even if Suncoast is correct, "diversity jurisdiction is determined at the time . . . of removal."  *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).  An anticipated change in citizenship is irrelevant to the determination of diversity.  The putative class includes those who were Florida citizens at the time of this action's removal.  And even if Suncoast could demonstrate that some members of the purported class were not Florida citizens, 28 U.S.C. § 1332(d)(4) directs a district court

to decline jurisdiction over a class action if "two-thirds or more of the members of [the purported class] . . . and the primary defendants, are citizens of the State in which the action was originally filed."  Suncoast presents no evidence demonstrating that at least one-third of the purported class are citizens of a state other than Florida.

Further, Suncoast fails to demonstrate that the amount in controversy exceeds $5,000,000.  The complaint alleges only that damages exceed $30,000.  Suncoast must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $5,000,000.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  To support removal, Suncoast relies on its own declaration, which states that since 1934 more than one million Suncoast members "have opened 'many' share accounts," the total balances of which "'well exceed[]' $5,000,000.00[.]"  The aggregate balance of the share accounts opened by Suncoast members fails to inform the amount of damages sustained by the putative class, which is limited to Florida citizens in whose name an unauthorized account was opened using Suncoast's SunNet online banking platform.  And (other than Suncoast's dubious notion of "common sense") Suncoast offers no factual support for the argument that the amount in controversy exceeds $5,000,000.  Because Suncoast's declaration fails to demonstrate that the class sustained more than $5,000,000 in damages and because Suncoast adduces no other evidence supporting the claim that the amount in controversy exceeds $5,000,000, Suncoast fails to invoke federal jurisdiction under CAFA.

## II.     Federal Question Jurisdiction

As an alternative to federal jurisdiction under CAFA, Suncoast attempts to invoke federal question jurisdiction.  According to Suncoast, although the complaint asserts a single claim for negligence, the claim "substantially involves a dispute over the validity, effect, and construction" of the Federal Trade Commission Act (the FTC Act).  Presumably to demonstrate that Suncoast breached a duty to the putative class, the complaint alleges that the FTC Act "form[s] part of the basis of Suncoast's duty" and that Suncoast's alleged failure to protect the personally identifiable information of Suncoast customers violates Section 5 of the FTC Act. (Doc. 1-1 ¶ 72, 73, 96, and 97)

As Suncoast argues in the pending motion to dismiss, the putative class can assert no claim under the FTC Act because the FTC Act confers no private right of action.  *Smith v. JP Morgan Chase*, 837 Fed. Appx. 769, 769–70 (11th Cir. 2021) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985)).  "[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813–14 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").  To invoke federal question jurisdiction, Suncoast must demonstrate that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

- 5 -

resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

But the alleged violation of the FTC Act is neither "necessarily raised" nor "substantial." The complaint uses the alleged breach of the FTC Act as "part of the basis of Suncoast's duty" but presents several other allegations to support the negligence claim without any mention of the FTC Act. In other words, the alleged breach of the FTC Act might inform the duty of care, but the success of the negligence claim remains independent from the alleged violation of the FTC Act. *See Truthinadvertisingenforcers.com v. My Pillow, Inc.*, 2017 WL 382725 (M.D. Fla. 2017) (Covington, J.) ("While an alleged breach of the federal statutes may support Plaintiffs' negligence claim regarding My Pillow's advertising tactics, the success of that claim does not turn on whether My Pillow actually violated federal law."). Further, in accord with *Merrell Dow Pharmaceuticals*, the inclusion of the FTC Act as a standard for a state-law claim raises no substantial federal question. *Mackillop v. Parliament Coach Corp.*, 2009 WL 3430072, at *2 (M.D. Fla. 2009). And the lack of any private right of action under the FTC Act "strongly suggests" that no federal question exists. *C.J. by & through Brady v. Truman Med. Ctr., Inc.*, 2020 WL 3473651, at *3–4 (W.D. Mo. 2020) (Kays, J.) ("[A]llowing these garden-variety, state-law claims premised on the breach of some federal standard of care to proceed in federal court would essentially federalize an entire category of cases that Congress has not federalized."); *see also Fleites v. Equifax, Inc.*, 2017 U.S. Dist. LEXIS 191574, at *8–9 (S.D. Fla. 2017) (Bloom, J.) ("expanding the scope of federal jurisdiction to include negligence *per se* claims under

- 6 -

the [FTC Act] disturbs the congressionally approved balance of federal and state judicial responsibilities sufficiently to require a finding that this Court lacks subject matter jurisdiction in this case and removal is improper.").

## CONCLUSION

For these reasons and others stated in the motion and reply, the motion (Doc. 6) to remand is **GRANTED**.  This action is **REMANDED**.  The pending motion (Doc. 5) to dismiss is **DENIED AS MOOT**.  In accord with 28 U.S.C. § 1447(c), the clerk must mail a certified copy of this order to the clerk of the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida, and must close the case.

ORDERED in Tampa, Florida, on August 31, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE